652 N.W.2d 517 (2002)
252 Mich. App. 500
Otto HYSLOP, Sr., and Helen Hyslop, Plaintiffs-Appellees,
v.
Jennie Denise WOJJUSIK, Defendant-Appellant, and
Judy Ann Champlin, Defendant.
Docket No. 230279.
Court of Appeals of Michigan.
Submitted July 16, 2002, at Lansing.
Decided August 13, 2002, at 9:05 a.m.
Released for Publication October 29, 2002.
*518 Jeffery T. Lyon, Cheboygan, for the plaintiffs.
Chasnis, Dogger & Grierson, P.C. (by Mark Grierson), Saginaw, for the defendant.
Before: MURRAY, P.J., and MURPHY and MICHAEL J. KELLY, JJ.
MICHAEL J. KELLY, J.
Defendant Jennie Denise Wojjusik appeals as on leave granted[1] from an order entered by the trial court denying her motion to quash the third summons and for summary disposition. We reverse.

I. Basic Facts and Procedural History
The essential facts are undisputed. On October 2, 1998, plaintiffs filed their complaint alleging negligence and loss of consortium arising out of a motor vehicle accident that occurred on October 27, 1995, in which defendant, the driver of the vehicle, struck a vehicle driven by plaintiffs' son and in which plaintiff Otto Hyslop, Sr., was a passenger. The first summons, issued upon the filing of plaintiffs' complaint, expired on January 1, 1999.
On December 23, 1998, plaintiffs filed a motion requesting that the trial court issue a new summons and permit plaintiffs to achieve service on defendant by publication pursuant to MCR 2.106 and MCR 2.105(I). Plaintiffs argued that they were unable to locate defendant and could not effectuate service in accord with MCR 2.105(A). In addition to their motion for publication, plaintiffs filed a motion requesting that the trial court issue a new summons. Referencing the motion for alternate service by publication, plaintiffs argued that they could not achieve service on defendant before the summons expired.
By order dated January 8, 1999, the trial court directed that a new summons issue with an April 30, 1999, expiration date. At this point in the proceedings, the original summons expired. However, even though the trial court had not yet rendered a ruling or entered an order allowing plaintiffs to serve defendant by publication, the order issued by the trial court indicated that the expiration date contained in the second summons would allow sufficient time for plaintiffs to achieve service by publication. In accordance with the trial court's order, a second summons, effective January 8, 1999, until April 30, 1999, issued.
On January 19, 1999, the trial court held a hearing on plaintiffs' motion for service by publication and thereafter denied plaintiffs' request for relief, directing plaintiffs to make additional investigation into defendant's whereabouts.
On April 13, 1999, plaintiffs filed a motion to allow a first amended complaint to add Judy Ann Champlin, owner of the *519 vehicle the defendant was driving at the time of the accident, as a party defendant. In addition, plaintiffs filed motions requesting an order allowing service of process by publication and requesting that the trial court authorize the clerk to issue a new summons.
On April 19, 1999, the trial court heard oral argument on plaintiffs' motions. By order dated April 23, 1999, the trial court permitted plaintiffs to file a first amended complaint and also permitted plaintiffs to achieve service on defendant by publication. Moreover, the trial court ruled that a new summons with a July 30, 1999, expiration date should issue. The order allowing service by publication directed plaintiffs to publish notice within fifteen days from entry of the order and to thereafter publish once a week for three consecutive weeks.[2] The order further directed defendant to answer by June 15, 1999. In accordance with the trial court's ruling, a "third" summons, effective April 26, 1999, until July 30, 1999, issued.
Defendant's counsel filed a limited appearance and a motion to quash the third summons and to dismiss the case on the grounds that the trial court lacked the authority to issue a third summons under MCR 2.102(D) and, therefore, a dismissal was required pursuant to MCR 2.102(E). Defendant further cited MCR 2.116(C)(1), (2), and (3) in support of summary disposition.
On July 8, 1999, the trial court heard defendant's motion to quash and for summary disposition. The trial court denied the motion. The trial court reasoned that pursuant to MCR 2.102(D), it had the authority to extend the life of the second summons up to one year from the date that plaintiffs filed their complaint. The trial court explained its reluctance to extend the summons to the fullest extent lest the parties procrastinate and create unfounded delay in the proceedings. The trial court further explained that it would not dismiss the case on the basis of a hypertechnical reading of the court rule. The trial court noted that the "third" summons is more appropriately characterized as nothing more than an extension or amendment of the second summons. To that end, the trial court stated that the "best way to interpret [MCR 2.102(D) ].... would be to interpret [it] as authorizing subsequent efforts or subsequent refreshing of the summons at the discretion of the Court upon good cause shown." The trial court denied defendant's motion to quash the summons and dismiss plaintiffs' complaint. Defendant moved for reconsideration and the trial court, finding no palpable error, denied defendant's motion. Defendant now appeals as on leave granted.

II. Standard of Review
This Court reviews interpretation of the court rules de novo. In re Gosnell, 234 Mich.App. 326, 333, 594 N.W.2d 90 (1999). The rules governing statutory interpretation apply equally to the interpretation of court rules. Yudashkin v. Holden, 247 Mich.App. 642, 649, 637 N.W.2d 257 (2001). If the plain and ordinary meaning of the language employed is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. Id. at 649-650, 637 N.W.2d 257. This Court reviews de novo a trial court's ruling on a motion for summary *520 disposition. Spiek v. Dep't of Transportation, 456 Mich. 331, 337, 572 N.W.2d 201 (1998).

III. Analysis
Defendant argues that the trial court lacked the authority to issue a third summons under MCR 2.102(D) and MCR 2.102(E) and, thus, that the trial court was required to dismiss plaintiffs' complaint without prejudice. We agree.
MCR 2.102(A), (C), (D), and (E) respectively provide in relevant part:
(A) On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105....
(C) At any time on terms that are just, a court may allow process or proof of service of process to be amended, unless it clearly appears that to do so would materially prejudice the substantive rights of the party against whom the process issued. An amendment relates back to the date of the original issuance or service of process unless the court determines that relation back would unfairly prejudice the party against whom the process issued.
(D) A summons expires 91 days after the date the complaint is filed. However, within that 91 days, on a showing of good cause, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period ....
(E)(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction.... [Emphasis added.]
A plain and ordinary reading of MCR 2.102 does not provide the authority to issue a so-called "third" summons. Rather, MCR 2.102(D) authorizes the court clerk to issue a summons upon the filing of a complaint, which summons remains in effect for ninety-one days from the date that it was issued, and authorizes the trial court, upon good cause shown and within the ninety-one-day period, to issue a second summons for a definite period, not to exceed one year from the date that the original complaint was filed. MCR 2.102(D) makes it abundantly clear that when the "definite period" contained in the second summons passes, then the new summons "expires." And, according to the unequivocal language set forth in MCR 2.102(E)(1), "the action is deemed dismissed without prejudice." In the case sub judice, the second summons expired by its own terms on April 30, 1999.
Plaintiffs argue that because MCR 2.102(D) references the "extension" of a summons in relation to the issuance of a second summons, the second summons is thus merely an extension of the original. Plaintiffs contend that the "third" summons at issue is simply a supplementary extension of the original or a first extension of the second. Alternatively, plaintiffs submit that in accord with MCR 2.102(C), this "third" summons may be considered as an amendment of the second summons. We disagree.
Plaintiffs could only extend the original summons by filing a motion within the initial ninety-one-day period. MCR 2.102(D). In the instant case, the initial ninety-one days lapsed on January 1, 1999. Within that initial ninety-one-day period, counsel properly filed a motion to extend the summons. Exercising its discretion, the trial court issued a second summons *521 with a definite expiration date. After January 1, 1999, the initial summons was no longer valid and the second was only valid until April 30, 1999.
Nothing in MCR 2.102(D) provides that filing a motion to extend the second summons before it expires revives the original. Consequently, plaintiffs only had until April 30, 1999, to serve process upon defendant before the case was "deemed dismissed without prejudice." MCR 2.101(E). The trial court's realization in hindsight that it did not provide sufficient time for plaintiffs to successfully secure process does not justify disregarding MCR 2.102(D), which does not provide any authority, either express or implied, to issue a "third" summons or to extend the life of the second. Indeed, to accept plaintiffs' position, this Court would have to completely ignore the April 30, 1999, expiration date clearly delineated in the second summons.
Plaintiffs further contend that Durfy v. Kellogg, 193 Mich.App. 141, 483 N.W.2d 664 (1992), provides authority for the trial court to extend the life of the second summons provided that counsel makes the requisite motion and the third summons issues before the second summons expires. We do not agree, because a close reading of Durfy does not support plaintiffs' position.
In Durfy, the plaintiff filed a complaint five days before the period specified in the statute of limitations expired on the plaintiff's claim. On the same day, the clerk issued a summons. Three weeks thereafter, the plaintiff filed an amended complaint and the clerk erroneously issued a second summons that provided for a new expiration date calculated from the time the plaintiff filed the amended complaint. After the date on which the original summons would have expired but before the expiration date listed on the second summons, the plaintiff secured an extension from the trial court. Thereafter, the plaintiff achieved service on the defendant before the "third" summons expired.[3] The defendant challenged the validity of service contending that the plaintiff did not effectuate service before the initial summons expired. The trial court agreed and dismissed the plaintiff's claim without prejudice.
On appeal, the Durfy Court agreed with the trial court and determined that the "plaintiff was obligated to obtain the extension on the life of the summons, before the date the original summons would have expired." Id. at 143, 483 N.W.2d 664. The Durfy Court held that MCR 2.102(D) requires a plaintiff seeking an extension to file the proper motion within the life of the original summons, id. at 144, 483 N.W.2d 664, and that the failure to do so divests the trial court of the authority under the court rule to extend the summons. Id. at 144-145, 483 N.W.2d 664.
In the case at bar, the trial court granted plaintiffs an extension until April 30, 1999, to serve defendant. After the original summons expired, but before April 30, 1999, plaintiffs requested that the trial court issue a "third" summons to allow service by publication. Even though plaintiffs filed the proper motion before the second summons expired, the original summons had already lapsed. MCR 2.102(D) does not confer on the trial court the authority to revive the initial summons by *522 extending the second. When they secured the extension, plaintiffs had to effect service before the second summons expired. Because plaintiffs could not effect service before the second summons expired, their claim was thus "deemed dismissed without prejudice." MCR 2.102(E).
To be sure, a second summons may extend the life of the original summons for up to one year after the filing of the complaint. However, the trial court was reluctant to do so lest the parties procrastinate and effect unnecessary delay. In fact, a review of the record reveals the trial court's frustration with this "extremely old case" and not being able to "get the tires to bite the pavement" in this case. Certainly, the trial court could have provided for an October 2, 1999, expiration date on the second summons. The trial court, however, elected not to do so. To move the litigation forward, the trial court issued a second summons and required that plaintiffs achieve service on defendant by April 30, 1999. Because plaintiffs were not able to effectuate service by the April 30, 1999, expiration date, the second summons expired by its own terms and "the action [was] deemed dismissed without prejudice." MCR 2.101(E). To ignore the expiration date contained in the second summons and to permit successive extensions right up until one year following the filing of the complaint would do very little to avoid unnecessary delay in the litigation process.
Because MCR 2.102 did not provide the authority to issue a "third summons," we find that the trial court erred in this regard. Further, because defendant was not served until after the second summons expired, the trial court should have dismissed the complaint without prejudice pursuant to MCR 2.102(E).
Reversed.
MURRAY, P.J., concurred.
MURPHY, J., (dissenting).
I respectfully dissent from the majority's opinion because the majority gives an overly strict interpretation of MCR 2.102 that is inconsistent with MCR 1.105, that reads language into the court rule that does not exist, i.e., a court cannot extend a second summons, that ignores the trial court's authority to amend process, and that is inconsistent with the intent of MCR 2.102.
This Court reviews interpretation of the court rules de novo. In re Gosnell, 234 Mich.App. 326, 333, 594 N.W.2d 90 (1999). This Court also reviews de novo a trial court's ruling on a motion for summary disposition. Spiek v. Dep't of Transportation, 456 Mich. 331, 337, 572 N.W.2d 201 (1998).
When the trial court rules on a motion brought under MCR 2.116(C)(2), the court must consider the pleadings, affidavits, and other documentary evidence submitted by the parties. MCR 2.116(G)(5); Richards v. McNamee, 240 Mich.App. 444, 448, 613 N.W.2d 366 (2000).
I first note the relevant court rule provisions. MCR 2.102(A), (C), (D), and (E) provide in part:
(A) On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105....
(C) At any time on terms that are just, a court may allow process or proof of service of process to be amended, unless it clearly appears that to do so would materially prejudice the substantive rights of the party against whom the process issued. An amendment relates back to the date of the original issuance or service of process unless the court determines that relation back *523 would unfairly prejudice the party against whom the process issued.
(D) A summons expires 91 days after the date the complaint is filed. However, within that 91 days, on a showing of good cause, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period....
(E)(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. [Emphasis added.]
The rules governing statutory interpretation apply equally to the interpretation of court rules. Yudashkin v. Holden, 247 Mich.App. 642, 649, 637 N.W.2d 257 (2001). If the plain and ordinary meaning of the language is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. Id. at 649-650, 637 N.W.2d 257.
However, the court rules themselves give further direction regarding their construction. MCR 1.105 provides that "[t]hese rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties."
MCR 2.102(D) does not specifically address whether a trial court has the authority to issue a so-called "third" summons, and I believe it unnecessary to address the issue in the context of that terminology because the underlying limit on the court's authority to extend a summons, which is clear and unambiguous, is that a summons may not issue for a period exceeding one year from the date the complaint is filed, and because the summons at issue can be considered an extension or an amendment of the previous summons. Here, there is no dispute that the summons at issue falls within the one-year time frame from the filing of the complaint.
MCR 2.102(D) references the "extension" of a summons in relation to the issuance of a second summons; therefore, the second summons is merely an extension of the original summons. Using that same verbiage, the summons at issue can simply be considered a further extension of the second summons that was requested before the second summons expired.[1]
MCR 2.102(D) does not provide that a court cannot extend a second summons. Regardless, the summons at issue could be considered, pursuant to MCR 2.102(C), as an amendment of the second summons, and the trial court had the authority to so amend at any time. The record does not reflect that an amendment of the second summons would prejudice defendant's substantive rights.
There is no indication in the record to conclude that the trial court intended the second summons to be the final extension, or that it intended to preclude service by publication after the expiration date of the second summons. In fact, the trial court directed plaintiffs in January 1999 to spend more time trying to locate and personally serve defendant before it would even allow service by publication. When it became evident that personal service could *524 not be effectuated, the trial court allowed plaintiffs to serve by publication, which plaintiffs promptly did.
Allowing dismissal of this action by interpreting MCR 2.102 as the majority did, where the complaint was served by publication well under a year after the complaint was filed, would contravene MCR 1.105, which directs us to construe the court rules justly and in such a manner as to "avoid the consequences of error that does not affect the substantial rights of the parties." Assuming a technical violation of the court rule through the issuance of the summons at issue, MCR 1.105 provides support that the action not be dismissed where there is no evidence that defendant's substantive rights were prejudiced. See Rieth v. Keeler, 230 Mich.App. 346, 350, 583 N.W.2d 552 (1998); see also Zantop Int'l Airlines, Inc. v. Eastern Airlines, 200 Mich.App. 344, 352, 503 N.W.2d 915 (1993). To the contrary, with this dismissal plaintiffs will apparently lose their cause of action pursuant to the applicable statute of limitations.
I would affirm the trial court's ruling.
NOTES
[1] This Court originally denied defendant Wojjusik's application for leave to appeal. Hyslop v. Wojjusik, unpublished order of the Court of Appeals, issued February 2, 2000 (Docket No. 222858). She then applied for leave to appeal to the Michigan Supreme Court, which, in lieu of granting leave to appeal, remanded the case to us for consideration as on leave granted pursuant to MCR 7.302(F)(1). Hyslop v. Wojjusik, 463 Mich. 889, 617 N.W.2d 326 (2000). Hereinafter, we shall refer to defendant Wojjusik as "defendant" in the singular unless otherwise indicated in light of the fact that defendant Champlin is not involved in this appeal, nor instrumental in the proceedings below.
[2] The order also required plaintiffs to serve the complaint and order on defendant's stepfather.
[3] The first summons was the original summons issued contemporaneously with the first complaint, the second summons was the one issued erroneously by the clerk when the plaintiff filed an amended complaint, and the third was the extension granted by the trial court after the date that the original summons would have expired but before the expiration date contained in the one erroneously issued by the clerk.
[1] Durfy v. Kellogg, 193 Mich.App. 141, 483 N.W.2d 664 (1992), is not applicable because there the issue was whether a subsequent summons could be sought after the expiration of the preceding summons.