CASTILLO v EXCLUSIVE BUILDERS, INC

Docket No. 263012. Submitted December 6, 2006, at Detroit. Decided
January 4, 2007, at 9:10 a.m.

Kelly S. Castillo, individually and as the personal representative of
the estate of her deceased husband, Evaristo L. Castillo, brought
an action in the St. Clair Circuit Court against Exclusive Builders,
Inc.; and others, including Autumn Roofing Corporation. The
plaintiff's husband had died in a construction-site accident, and
the action included a wrongful death claim under MCL 600.2922.
A case-evaluation panel recommended an award for the plaintiff
against Autumn, which both parties rejected. Autumn offered to
stipulate the entry of a judgment in a lower amount. The plaintiff
rejected that offer individually and as the personal representative
and made a counteroffer. The jury returned a verdict of no cause of
action. The court, Daniel J. Kelly, J., granted Autumn's motion for
offer-of-judgment sanctions under MCR 2.405, imposing them
jointly against the plaintiff and the estate. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by imposing the sanctions against
the plaintiff individually. While the plaintiff argues that MCL
600.2922 permits only the personal representative of a decedent's
estate to bring a wrongful death action, the plaintiff nonetheless
chose to bring this action individually as well as in her represen-
tative capacity. Therefore, under the plain language of MCR
2.405(D)(1), the plaintiff was the offeree of Autumn's offer of
judgment in both her individual capacity and as the personal
representative of the estate and is liable for actual costs in both
capacities.

2. Pursuant to MCR 2.405(A)(6), "actual costs" include (1) the
costs and fees taxable in a civil action and (2) a reasonable attorney
fee for services necessitated by the failure to stipulate the entry of
a judgment. The trial court properly imposed liability for the first
component on the plaintiff individually as a rejecting offeree. With
regard to the second component, however, there must be a causal
nexus between the rejection and the attorney fees incurred. A
rejecting party is liable only for those attorney fees that accrued as
a consequence of that party's rejection, which is determined by

examining the party's theories of liability and damage claims. As a matter of law, the plaintiff could not state a wrongful death claim under MCL 600.2922 in her individual capacity. Thus, no such individual claim was submitted to the jury, and Autumn's defense consisted entirely of disputing the wrongful death claim. There is no evidence that Autumn's attorney fees were causally linked to the plaintiff's poorly captioned complaint or necessitated by her rejection of the offer of judgment in her individual capacity. The trial court erred by ordering the plaintiff to pay the attorney fees jointly with the estate.

Affirmed in part, reversed in part, and remanded for further proceedings.

COSTS — OFFERS OF JUDGMENT — ATTORNEY FEES.

The actual costs for which an offeree who rejects an offer of judgment is liable include (1) the costs and fees taxable in a civil action and (2) a reasonable attorney fee for services necessitated by the failure to stipulate the entry of a judgment; a trial court must impose the first component of actual costs; with regard to the second component, however, there must be a causal nexus between a party's rejection and the attorney fees the other party incurs; a rejecting party is liable only for those attorney fees accrued as a consequence of that party's rejection, which is determined by examining the party's theories of liability and damage claims (MCR 2.405[A][6], [D][1]).

*Law Offices of Albert B. Addis, P.C.* (by *Timothy S. Groustra*), and *Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Christina A. Ginter*) for Kelly S. Castillo.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Deborah A. Hebert* and *Alicia Y. Dyer*), for Autumn Roofing Corporation.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

BANDSTRA, J. Plaintiff Kelly Castillo appeals as of right an order imposing offer-of-judgment sanctions jointly on plaintiff in her individual capacity and on the estate of decedent Evaristo Ledesma Castillo, of which plaintiff is the personal representative. We affirm in part and reverse in part.

Plaintiff's husband died as the result of a construction-site accident. Plaintiff filed the instant complaint, individually and as the personal representative of her husband's estate, alleging negligence, premises liability, and intentional tort claims pursuant to the Michigan wrongful death act, MCL 600.2922, against defendant Autumn Roofing Corporation (hereinafter referred to as defendant), which was a subcontractor on the job site, and several other defendants. A nonunanimous case-evaluation panel recommended an award of $150,000 for plaintiff against defendant, which both parties rejected. Defendant offered to stipulate the entry of a judgment, pursuant to MCR 2.405(B), in the amount of $35,000. Plaintiff, individually and as the personal representative, formally rejected defendant's offer and counteroffered in the amount of $300,000. The case proceeded to trial,[1] and the jury returned a verdict of no cause of action. Defendant moved for offer-of-judgment sanctions pursuant to MCR 2.405. The trial court granted defendant's motion, imposing sanctions in the amount of $38,638.58 jointly against plaintiff and the estate.

Plaintiff first argues that the trial court erred in awarding offer-of-judgment sanctions under MCR 2.405 against her individually because the only claims pleaded and submitted to the jury arose out of the wrongful death act, which only permits actions brought by personal representatives of decedents' estates. We disagree.

MCR 2.405(D) provides for the imposition of costs following the rejection of an offer to stipulate the entry of a judgment, stating in relevant part:

---

[1] After plaintiff's claims against the other defendants were settled or otherwise dismissed or resolved, only the claims against defendant Autumn Roofing Corporation remained to be tried.

Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the *offeror* than the average offer, the *offeree* must pay to the *offeror* the *offeror's* actual costs incurred in the prosecution or defense of the action. [Emphasis added.]

We review de novo both the trial court's interpretation of a court rule and its decision to award sanctions. *Ayre v Outlaw Decoys, Inc*, 256 Mich App 517, 520; 664 NW2d 263 (2003). Generally, the rules governing statutory interpretation apply equally to the interpretation of court rules. *Yudashkin v Holden*, 247 Mich App 642, 649; 637 NW2d 257 (2001). If the plain meaning of the language of the court rule is clear, then "judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used." *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).

Black's Law Dictionary (7th ed) defines "offer" as "[t]he act or an instance of presenting something for acceptance[.]" It logically follows, then, that an offeree is one to whom an offer is presented for acceptance. Accord 1 Restatement Contracts, 2d, § 2(3), p 9. It is undisputed that defendant, an offeror within the meaning of the court rule, presented an offer of judgment to plaintiff both in her individual capacity and as the personal representative of her husband's estate. Therefore, under the plain language of the court rule, plaintiff was the offeree of defendant's offer of judgment, in both her individual capacity and as the personal representative of her husband's estate. This Court has noted that the award of reasonable taxable costs, with the exception of attorney fees, is mandatory under MCR 2.405. *Luidens v 63rd Dist Court*, 219 Mich App 24, 30; 555

NW2d 709 (1996). Thus, pursuant to the plain language of MCR 2.405(D)(1), plaintiff is liable for actual costs both individually and as the personal representative of her husband's estate.[2]

MCR 2.405(A)(6) defines "actual costs" in two parts: "the costs and fees taxable in a civil action" and "a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." With respect to the first component of "actual costs," the imposition of "the costs and fees taxable in a civil action" is mandatory. *Luidens, supra* at 30. Thus, the trial court properly imposed liability for these taxable costs and fees on plaintiff individually because she was a rejecting offeree for purposes of MCR 2.405.

However, the scope of a rejecting offeree's liability for the second component of "actual costs," i.e., "a reasonable attorney fee," is limited to services necessitated by the rejection of the offer. Considering identical language in a similar rule, our Supreme Court reasoned that there must be a *causal nexus* between a party's rejection of a case evaluation and the other party's later incurred attorney fees for those fees to be "necessitated by" the rejection of the evaluation. *Haliw v Sterling Hts*, 471 Mich 700, 711 n 8; 691 NW2d 753 (2005) (interpreting MCR 2.403[O]). The Court rejected prior caselaw construing the phrase "necessitated by the rejection" as merely a "temporal demarcation" that automatically allows the imposition of liability for every expense occurring after the rejection. *Haliw, supra* at 711 n 8. Similarly, this Court has reasoned that "[t]he

---

[2] This results from plaintiff's decision to file this case individually as well as in her representative capacity. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Living Alternatives for the Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994).

rejecting plaintiff is only liable for those attorney fees that accrued as a consequence of that plaintiff's rejection, which is determined by examining the rejecting plaintiff's theories of liability and damage claims." *Ayre, supra* at 522.[3] We find these precedents' analyses of identical language in MCR 2.403 to be persuasive in analyzing MCR 2.405.

The wrongful death act provides that "[e]very action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased." MCL 600.2922(2). Therefore, plaintiff could not state a claim under the wrongful death act in her individual capacity as a matter of law. Accordingly, no individual claim was submitted to the jury; the verdict form lists only damages recoverable by a personal representative under the act. Thus, while plaintiff improperly filed the complaint individually and as the personal representative of her husband's estate, no individual claim, beyond that presented by the estate, was pleaded or pursued at trial. Moreover, defendant's defense at trial consisted entirely of disputing plaintiff's wrongful death claim. Therefore, because there is no evidence that defendant's attorney fees were causally linked in any way to plaintiff's poorly captioned complaint, and thus no indication that defendant incurred any fees necessitated by plaintiff's rejection of the offer of judgment in her individual capacity, the trial court erred in ordering plaintiff to pay attorney fees jointly with plaintiff's husband's estate.

---

[3] To the extent that it was not raised before and decided by the trial court, we conclude that consideration of this issue is necessary to a proper determination of the case and that the question presented is one of law, concerning which the necessary facts have been presented. Therefore, appellate consideration of this issue is proper. *Steward v Panek,* 251 Mich App 546, 554; 652 NW2d 232 (2002).

We affirm in part, reverse in part, and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.