# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE of FRANKLIN A. DENISON, SR., by
DENNIS DELONG, Personal Representative,

UNPUBLISHED
January 21, 2016

Plaintiff/Counter-
Defendant/Appellant/Cross-
Appellee,

v

No. 323594
Allegan Circuit Court
LC No. 05-038095-CH

PALM BEACH POLO HOLDINGS, INC.,

Defendant/Counter-
Plaintiff/Appellee/Cross-Appellant,

and

KK AGGREGATES, INC.,

Defendant/Counter-Plaintiff.

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In a prior appeal, this Court reversed the trial court's judgment of no cause of action for the plaintiff estate's unjust enrichment claim and remanded for entry of a damages award consistent with the estate's evidence. *Denison Estate v Palm Beach Polo Holdings, Inc*, unpublished opinion per curiam of the Court of Appeals, issued June 24, 2010 (Docket No. 284444) (*Denison Estate I*). On remand, the trial court entered an award in the estate's favor, but denied the estate's request for attorney fees and costs. The trial court erroneously concluded that its jurisdiction was so limited by our remand as to preclude consideration of such an award. Accordingly, we reverse that portion of the lower court's order and remand for consideration of the estate's request.

Palm Beach Polo Holdings, Inc. cross-appeals, contending that interest should not accrue on the judgment beyond May 25, 2012, the date on which it tendered a settlement offer to the estate. Palm Beach further contends that the unjust enrichment award should have been reduced by half because the estate owned only 50% of the subject leasehold, the other half belonging to

Franklin Denison's spouse's trust. We discern no error in these regards and therefore affirm the interest award and the judgement amount.

## I. BACKGROUND

In the 1990s, the deceased and his wife—the Denisons—owned property along the Kalamazoo River in Saugatuck, which they leased to their company, Broward Marine. In 1998, Palm Beach purchased Broward and took over the lease, paying $25,240 in annual rent to the Denisons. *Denison Estate I*, unpub op at 1. At some point, the Denisons died; Mr. Denison's half of the leasehold interest flowed into his estate and Mrs. Denison's into her trust. And in 2002, Palm Beach moved its business to Florida. *Id.* at 1-2.

The Master Lease did not describe the property, reciting only the address. *Id.* at 1. In 2002, Palm Beach filed suit against the estate, as well as Mrs. Denison's trust, seeking a judicial declaration regarding the property's dimensions. During that suit, Palm Beach subleased the property for $100,000 annually. The sublease described the property as including 575 feet of river frontage and held Palm Beach harmless in the event the court reached a different conclusion in its suit against the estate. *Id.* at 2.

The trial court eventually ordered reformation of the sublease to reflect that the property was 3.08 acres with 235 feet of riverfront, rather than 5.1 acres with 575 feet of river frontage. The court reduced the sublessee's rent obligation by 25% and made the order retroactive to May 2005. Palm Beach therefore owed the sublessee a refund of rents. The sublessee was thereafter evicted from the property but *Denison Estate I* is silent regarding the reason and party behind the eviction. *Id.*

The estate and Mrs. Denison's trust apparently owned the remaining 340 feet of riverfront and 2.02 acres of land free from any leasehold interest. In July 2005, the estate filed the suit underlying this appeal and raised claims of breach of contract, unjust enrichment, constructive trust, and trespass. The estate sought that portion of the rent paid for the land outside the leasehold, as well as unpaid rents under the original agreement with Palm Beach. It also sought damages for Palm Beach's improper assignment of part of its interest to KK Aggregates. The estate accused Palm Beach of a continuing trespass and damage to property outside the leasehold, in connection with actions by the sublessee. *Id.*

Early in the proceedings, the court granted partial summary disposition in the estate's favor in relation to unpaid rents amounting to $76,350. Following a bench trial, the court ruled that Palm Beach had breached its contract and committed three trespassory acts, but awarded only $5. The court found no cause of action as to the constructive trust claim. *Id.* In relation to unjust enrichment, the court held that Palm Beach "was unjustly enriched, as a matter of fact." *Id.* However, the court found no cause of action because the estate "failed to submit any evidence" regarding damages. *Id.* at 2-3.

In *Denison Estate I*, the estate appealed the trial court's judgment. This Court concurred with the estate that it presented evidence regarding the extent of Palm Beach's unjust enrichment before May 2005—25% of the rent paid by the sublessee based on Palm Beach's incorrect

description of the property. *Id.* at 4. This Court affirmed the trial court's rulings in relation to the constructive trust and trespass claims. *Id.* at 5-7.

While the appeal in *Denison Estate I* was pending, the trial court entertained the estate's motion for attorney fees and costs. The Master Lease provided, "The prevailing party in any litigation hereunder shall be entitled to recover its reasonable attorneys' fees and costs, including any appeals." The trial court identified the estate as the prevailing party in the suit. Accordingly, the court awarded the estate $97,027.42 in attorney fees and costs. The December 9, 2008 order provided, "All rulings herein are made without prejudice to [the estate's] right to seek further reimbursement from [Palm Beach] for other attorneys' fees and costs incurred by [the estate]." The court "retain[ed] jurisdiction to consider and rule on any such further requests."

## II. POST-APPEAL PROCEEDINGS

Following our resolution of *Denison Estate I*, the trial court heard argument on the issue of the estate's unjust enrichment damages. Palm Beach contended that the estate was entitled to only half of any calculated damages because it possessed only a 50% interest in the property and Mrs. Denison's trust was not a party to the suit. The court rejected that argument as untimely raised and then valued the damages at $65,031.25. The court also ordered that prejudgment interest applied, over Palm Beach's objection, and calculated that award at an additional $110,515.09.

On remand, the estate also sought additional attorney fees and costs incurred after the December 2008 award, including those fees and costs amassed during the first appeal. The trial court denied the estate's request, noting first that this Court held in *Denison Estate I*, unpub op at 7: "No taxable costs pursuant to MCR 7.219, neither party having prevailed in full." Further, awarding fees and costs incurred after the first appeal went beyond the scope of the remand, the trial court concluded.

Both parties have now appealed the trial court's orders entered after the first appeal. The estate contends that the trial court should have continued assessing attorney fees and costs after its December 2008 order. Palm Beach contends that it made a bona fide offer of settlement on May 25, 2012, and it was improper to calculate interest beyond that date. Palm Beach also continues to assert that the estate is entitled to only 50% of the unjust enrichment award.

## III. ATTORNEY FEES AND COSTS

The trial court erred in determining that it lacked jurisdiction to consider and award continuing attorney fees and costs. Our remand order did not prevent the court from acting and our refusal to tax costs under MCR 7.219 is not dispositive of the estate's contract-based request.

Whether a court possesses jurisdiction over a matter presents a question of law that we review de novo. *In re Contempt of Dorsey*, 306 Mich App 571, 580-581; 858 NW2d 84 (2014). The trial court granted the estate's request for attorney fees and costs as permitted by the Master Lease on December 9, 2008. Palm Beach did not file its brief as appellee in *Denison Estate I* until nearly a month later. Palm Beach did not seek to file a cross-appeal in the prior appeal, nor did it challenge the application of the contractual attorney fee provision. As a result, our

decision in *Denison Estate I* makes no mention of that award and reaches no conclusion on that issue. The Master Lease provision permitting the assessment of attorney fees and costs and the trial court's reliance on that provision simply were not on our radar; we had no reason to include specific language permitting the trial court to continue considering the issue on remand. Therefore, the trial court read *Denison Estate I* too narrowly in determining that it lacked jurisdiction over this issue.

Furthermore, the trial court specifically retained jurisdiction to consider future requests for accumulating attorney fees and costs. Again, our opinion in *Denison Estate I* in no way questioned or cut off that jurisdiction. In fact, the attorney fees and costs in this matter are an element of *damages*, and this Court remanded for the trial court to consider the proper damages connected to the unjust enrichment judgment. See *Denison Estate I*, unpub op at 4. See also *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007) ("[A]ttorney fees awarded under such contractual provisions are considered damages, not costs.").

In *Denison Estate I*, unpub op at 7, we did decline to tax costs under MCR 7.219 as neither party had prevailed in full. That is not dispositive here. It is well established that to tax appellate costs under the court rule, a party must have prevailed in full. But to collect attorney fees and costs under contractual provisions and statutes, and even under other court rules, the bar is not so high to be considered a prevailing party. For example, this Court has only required a prevailing party to "fully" prevail for purposes of collecting attorney fees when the statute underlying the award requires such resounding success. See *Peters v Gunnell, Inc*, 253 Mich App 211, 222-223; 655 NW2d 582 (2002) (in which this Court denied the plaintiff attorney fees under the sales representative commissions act because the act defined a "prevailing party" as one "who wins all the allegations of the complaint or on all of the responses to the complaint"). The current contract did not require a party to prevail in full in order to collect attorney fees and costs and so the estate is entitled to continuing reimbursement. Our rejection of taxed costs in the prior appeal is, however, the law of the case. See *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). Accordingly, although we reverse the trial court's judgment denying continuing attorney fees and costs and remand for further consideration, the trial court may not award those costs accrued during the prior appeal that are listed in MCR 7.219(F) and (G).

IV. PREJUDGMENT INTEREST

We discern no error, however, in the trial court's assessment of prejudgment interest as Palm Beach did not make a "bona fide, reasonable" offer of settlement that was rejected by the estate.

We review de novo the trial court's interpretation and application of MCL 600.6013. See *Castillo v Exclusive Builders, Inc*, 273 Mich App 489, 492; 733 NW2d 62 (2007). MCL 600.6013 provides, in relevant part:

> (9) If a bona fide, reasonable written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and is rejected by the plaintiff, the court shall order that interest is not

allowed beyond the date the bona fide, reasonable written offer of settlement is filed with the court.

* * *

(15) As used in this section:

(a) "Bona fide, reasonable written offer of settlement" means either of the following:

(*i*) With respect to an offer of settlement made by a defendant against whom judgment is subsequently rendered, a written offer of settlement that is not less than 90% of the amount actually received by the plaintiff in the action through judgment.

On May 25, 2012, *after* this Court held that plaintiff was entitled to unjust enrichment damages but before the trial court calculated those damages on remand, Palm Beach served on the estate an offer to stipulate to an entry of judgment which included $64,309.85 for unjust enrichment and $20,000 in attorney fees, for a total of $84,309.85. The estate rejected that offer. At that time, the trial court had already ordered Palm Beach to pay the estate $97,027.42 in attorney fees. Palm Beach's offer to settle the attorney fee issue was less than 20% "of the amount actually received by the plaintiff in the action through judgment." The offer to settle the unjust enrichment damages was comparable to the $65,031.25 ultimately calculated by the court. As correctly noted by the trial court, however, the total judgment in this case includes a combination of the two awards, and the settlement offer was far below that figure—the settlement was only 52.02% of the combined judgment to be exact. Accordingly, Palm Beach cannot avoid the accrual of prejudgment interest under the statute.

## V. JUDGMENT AMOUNT

Finally, Palm Beach contends that the trial court should have reduced the unjust enrichment damages award by 50% because the estate held only a half interest in the leasehold. We review a trial court's damage award in a bench trial for clear error. *Marshall Lasser, PC v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002). "Clear error exists where, after a review of the record, the reviewing court is left with a firm and definite conviction that a mistake has been made." *Id*. In this case, however, the trial court determined that the issue was legally barred by waiver, a question which we review de novo. See *Angott v Chubb Group Ins*, 270 Mich App 465, 469-470; 717 NW2d 341 (2006).

Palm Beach waived its challenge because it failed to assert this defense in its responsive pleading at the outset of this litigation. MCR 2.111(F)(2)-(3) provide that a defendant must state all defenses, affirmative or otherwise, in its responsive pleading, or the issue will be deemed waived. See *Electrolines, Inc v Prudential Assurance Co*, 260 Mich App 144, 164; 677 NW2d 874 (2003). In Palm Beach's affirmative defenses, it stated that the estate had failed to include all necessary parties, but did not identify those parties who should have been added. This was insufficient to preserve Palm Beach's challenge on the eve of judgment. Palm Beach did not identify Gerturde Denison or her trust as a part owner of the leasehold, despite that she was listed as a named party on the Master Lease. The pleading therefore did not suffice to place the estate

on notice of this defense. See *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 318; 503 NW2d 758 (1993) ("Just as the plaintiff must plead something beyond a general the 'defendant injured me,' the defendant must plead something more specific than 'I deny I'm liable.' ").

Even if the issue were not deemed waived, we would find that Palm Beach had abandoned it. In its 2006 response to the estate's first motion for partial summary disposition related to Palm Beach's alleged failure to remit its rent obligations, Palm Beach noted that the estate would not be entitled to 100% of the rents because it was only a "co-landlord." The trial court implicitly rejected that argument when it awarded the estate $73,350 in unpaid rents, the full amount requested. Despite this adverse ruling, Palm Beach did not file a cross-appeal or challenge that ruling during the prior appeal. Palm Beach abandoned its challenge by failing to include it in that appeal. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 458-459; 688 NW2d 523 (2004).

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the estate prevailed in full in this appeal, it may now tax costs pursuant to MCR 7.219.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly