# STATE OF MICHIGAN

# COURT OF APPEALS

BIN KANG, PH.D.,

       Plaintiff-Appellant,

v

JIANMING LI, PH.D.,

       Defendant-Appellee.

UNPUBLISHED
January 24, 2017

No. 329518
Washtenaw Circuit Court
LC No. 15-000271-CK

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

The trial court dismissed this case after plaintiff Bin Kang failed to serve a second summons and complaint on defendant Jianming Li before the summons expired. Kang appeals as of right, and for the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On March 16, 2015, Kang filed a complaint alleging that Li was liable for breach of contract, fraud, and retaliation. In an ex parte affidavit, Kang asserted that he was indigent and unable to pay the fees and costs. As a result, the same day that the complaint was filed, the trial court entered an order finding that Kang was indigent and waiving the payment of fees and costs under MCR 2.002(D). The court also issued a summons that was set to expire on June 16, 2015.

Before the June 16, 2015 expiration of the summons, Kang filed a motion for an extension of time to serve the summons. The clerk of the court, however, erroneously rejected the filing for failure to pay the required motion fee, and on July 8, 2015, the circuit court entered an order dismissing the case for failure to timely serve Li with process. One day later, on July 9, 2015, the circuit court entered an order granting Kang a second summons. The circuit court explained in its order that the clerk of the court had improperly rejected Kang's motion for an extension because the court had granted a fee waiver based on indigency. The court noted that although Kang had requested an extension of the summons, MCR 2.102(D), the applicable court rule, only permitted the court to issue a second summons. Accordingly, the court treated Kang's motion as a motion for a second summons and ordered that the second summons would expire on September 16, 2015. Moreover, in a later order, the court set aside the dismissal for failure to timely serve the summons.

On September 15, 2015, one day before the second summons was set to expire, Kang filed another motion asking the circuit court for more time to serve Li with the summons because he "cannot afford the serve cost." Kang attached what appears to be a copy of a September 11, 2015 email that he sent Li's lawyer. In the email, Kang stated that he was moving for a second extension of time to serve the summons because he "was in [a] hospital for a while" and was not sure when his "status will be good enough to handle the new case." Kang also filed a motion to waive his presence at a hearing on his motion for an extension of time to serve the second summons. In the motion, he asserted that he was in the hospital and that his discharge date was undetermined because of mental and physical disorders caused by "Defendants."

On September 16, 2015, the trial court entered an order denying Kang's motion for the issuance of an additional summons. Citing MCR 2.102(D), the court noted that it only had authority to issue a second summons, not a third summons. The court reasoned that because it had already done so, it had no authority to grant a new summons or extend the expiration of the second summons. Moreover, because Kang had failed to timely serve Li with the second summons before its expiration, the trial court again dismissed the case for failure to timely serve the summons. This appeal follows.

## II. MCR 2.102(D)

### A. STANDARD OF REVIEW

Kang argues that the circuit court erred in dismissing his complaint. This Court reviews de novo "interpretation and application of court rules." *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998), overruled in part on other grounds by *Rafferty v Markovitz*, 461 Mich 265, 273 n 6; 602 NW2d 367 (1999).

### B. ANALYSIS

Kang argues that the trial court should have either extended the second summons "for a long time (not exceeding 1 year from the date the complaint is filed)" or should have "issued the third summons." MCR 2.102(D), which addresses the expiration of a summons, provides in relevant part:

> A summons expires 91 days after the date the complaint is filed. However, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, the judge to who the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period. The judge may impose just conditions on the issuance of the second summons. . . .

Based on the plain language of the court rule, the trial court had no authority to issue a third summons. As such, the trial court did not err when it refused to grant a third summons. See *Hyslop v Wojjusik*, 252 Mich App 500, 508; 652 NW2d 517 (2002) (stating that MCR 2.102(D) "does not provide any authority, either express or implied, to issue a 'third' summons or to extend the life of the second.").

Further, although the trial court had discretion to allow for a later expiration date on the second summons, it was not required to do so because nothing in the court rule requires a court to issue a second summons for the maximum period of time permitted under the court rule. It only indicates that the life of the summons cannot "exceed[ ] 1 year from the date the complaint is filed." MCR 2.102(D). Nevertheless, Kang argues that the trial court should have issued a longer second summons because he was incarcerated from April 1, 2015 through February 12, 2016 in Philadelphia, Pennsylvania. However, in the proceedings before the circuit court, Kang never requested a full year from the date of his complaint to serve the second summons. He only asked for an "extension of summon." Moreover, his request was based on financial hardship, not his alleged incarceration. As such, the trial court did not err when issuing the second summons for less than the maximum period allowed under MCR 2.102(D).

Affirmed.

/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien