FAIRWAY ENTERPRISES, INC v NA-CHURS PLANT FOOD
COMPANY

Docket No. 92667. Submitted July 28, 1987, at Grand Rapids. Decided
October 6, 1987. Leave to appeal applied for.

Fairway Enterprises, Inc. brought an action for damages in
Ottawa Circuit Court against Ben Marfia and Na-Churs Plant
Food Company, claiming that the fertilizer supplied by defen-
dants was defective. The matter was submitted to a mediation
panel, which recommended a $10,000 award in favor of plain-
tiff. Defendants accepted the evaluation, plaintiff rejected it. A
jury subsequently found in favor of defendants. The trial court,
James E. Townsend, J., entered a judgment on the verdict. One
hundred and seventy-three days after the judgment was en-
tered, defendants filed a motion for attorney fees and expenses.
The trial court denied the motion on the ground that the
motion should have been filed within the twenty-eight-day limit
for filing of a bill of costs taxable by the circuit court clerk.
Defendants appealed.

The Court of Appeals *held:*

A bill for actual costs, including attorney fees, by a party
who prevailed after the opposing party rejected a favorable
mediation evaluation may be filed within a reasonable time
after entry of a judgment on the verdict. The court rule
controlling the filing of a bill of costs taxable by the court clerk
is not applicable. The question whether defendant's bill of costs
was filed within a reasonable time after entry of judgment is to
be determined by the trial court.

Reversed and remanded.

COSTS — MEDIATION — ATTORNEY FEES — MOTIONS — TIMELINESS.

A party who prevails in a circuit court action which proceeded to
trial after the opposing party rejected a mediation panel's
evaluation may file a bill for actual costs, including attorney
fees, within a reasonable time after entry by the court of the

REFERENCES

Am Jur 2d, New Topic Service, Alternative Dispute Resolution §§ 1
*et seq.*

Liability of parties to arbitration for costs, fees, and expenses. 57
ALR3d 633.

judgment on the verdict; the twenty-eight-day limit for filing a bill of costs taxable by the circuit court clerk does not apply to such a party (MCR 2.403[O], 2.625[F]).

*Scholten, Fant & Marquis* (by *R. Neal Stanton*), for plaintiff.

*Timothy J. Boone,* and *Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for defendants.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

PER CURIAM. Defendants appeal as of right from an order of the Ottawa Circuit Court which denied their motion for attorney fees and expenses. We reverse and remand.

This action arises from a dispute concerning the sale of fertilizer. Dissatisfied with its purchase, plaintiff sued defendants asserting negligence and breach of express and implied warranty. The matter was sent to a mediation panel, which recommended a $10,000 award in favor of plaintiff. Although defendants accepted this evaluation, plaintiff rejected it and also rejected defense counsel's offer to settle for the same amount. A jury subsequently found in favor of defendants, and the trial judge ordered plaintiff to pay the defendant manufacturer $5,785.08, or $3,535 plus eighteen percent per annum, which plaintiff stipulated at trial as due and owing.

One hundred and seventy-three days after the court rendered its judgment on the verdict, defendants filed a motion for attorney fees and expenses pursuant to GCR 1963, 316.7-316.8, now MCR 2.403(O). The trial judge denied this motion on the ground that defendants failed to file their bill of costs within the twenty-eight-day limit of MCR

* Circuit judge, sitting on the Court of Appeals by assignment.

2.625(F). Defendants appeal as of right, arguing that the trial court erred in applying the twenty-eight-day limit of MCR 2.625(F) instead of a reasonable time standard.

We agree. The twenty-eight-day limit of MCR 2.625(F) is not the standard to be applied for awarding actual costs in mediation cases governed by MCR 2.403(O). *Giannetti Brothers Construction Co, Inc v Pontiac,* 152 Mich App 648, 653; 394 NW2d 59 (1986), lv den 426 Mich 869 (1986). This is because the reasonable attorney fee portion of actual costs to be awarded under MCR 2.403(O) differs from simple court costs and requires judicial determination. *Id.* at 655. The time limit to be applied in mediation cases is a "reasonable time" after the prevailing party has been determined. *Id.* at 657.

In this case, defendants filed their bill of costs 173 days after entry of final judgment. Since in *Giannetti* this Court remanded for a determination whether the bill of costs was filed within a reasonable time when it was filed nineteen months after the trial court's judgment and fifty-five days after an appellate ruling, this case should also be remanded so that the trial court may determine whether 173 days was a reasonable time after judgment within which defendants could file their bill of costs.

Reversed and remanded.