KOPF v BOLSER

Docket No. 285795. Submitted December 1, 2009, at Lansing. Decided
December 15, 2009, at 9:05 a.m.

Robert L. Kopf brought an action in the Otsego Circuit Court against
Evelyn J. Dobias, seeking damages for injuries sustained when,
while walking, the plaintiff was struck by a vehicle driven by
Dobias. Dobias died after the action was filed and Benjamin T.
Bolser, personal representative of Dobias's estate, was substituted
as the defendant. The parties submitted to a case evaluation, and
plaintiff accepted the award of $60,000, but defendant rejected it.
Defendant filed an offer of judgment of $7,500, and plaintiff filed
a $70,000 counteroffer. An agreement was not reached, the case
proceeded to trial, and the jury determined that plaintiff was 20
percent at fault and suffered damages totaling $25,000. The trial
court, Janet M. Allen, J., on August 9, 2007, ordered a judgment of
$20,000 in favor of plaintiff "together with taxable costs and
applicable interest." On August 24, 2007, plaintiff filed his taxa-
tion of costs and interest in the amount of $8,666.16. Defendant
objected and, after the parties agreed to stipulate costs and
interest in the amount of $8,300.16, a stipulated order was entered
October 10, 2007. On October 17, 2007, defendant filed a motion
for offer-of-judgment sanctions under MCR 2.405. The court
eventually entered an order denying the claim as untimely. Defen-
dant appealed the order denying offer-of-judgment sanctions.

The Court of Appeals held:

Because the adjusted verdict to plaintiff of $28,300.16 was
more favorable to defendant than the average offer of $38,750,
defendant would be entitled to costs under MCR 2.405(D)(1) if the
request was timely. The request had to be filed within 28 days after
the entry of the judgment or entry of an order denying a timely
motion for a new trial or to set aside the judgment. Neither party
moved for a new trial or to set aside the judgment. The motion for
offer-of-judgment sanctions was filed on October 17, 2007, more
than 28 days after the August 9, 2007, judgment. MCR 2.403(O)
does not require a specific bill to be filed with the request for
offer-of-judgment sanctions, but does require the request to be
filed timely. The August 9, 2007, judgment adjudicated the rights

and liabilities of the parties and was the "judgment" for purposes of MCR 2.405(D), notwithstanding the taxation of costs issue, which was not a cause of action. Defendant did not file his motion within the 28-day period.

Affirmed.

JUDGMENTS — OFFER-OF-JUDGMENT SANCTIONS.

A request for the imposition of offer-of-judgment sanctions must be filed within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment; the requesting party need not file a specific bill with the request, but must put the opposing party on notice of the intent to recover sanctions; a "judgment" for purposes of the 28-day period is one that adjudicates the rights and liabilities of the parties, notwithstanding issues regarding the taxation of costs and interest that have yet to be calculated (MCR 2.405[D]).

*Powers, Chapman, DeAgostino, Meyers & Milia, P.C.* (by *Robert P. Milia*), for plaintiff.

*Bensinger, Cotant & Menkes, P.C.* (by *Patrick J. Michaels*), for defendant.

Before: BECKERING, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM. Defendant, as personal representative of the estate of Evelyn J. Dobias, deceased, appeals as of right the trial court's May 15, 2008, order dismissing as untimely his claims for offer-of-judgment sanctions under MCR 2.405. We affirm.

Plaintiff filed this tort action against Dobias in September 2003. He alleged that in July 2002, Dobias negligently struck him with her vehicle while he was out walking, and that his resulting injuries were severe enough to permit recovery under MCL 500.3135. Dobias died shortly after the action was filed and defendant was substituted as the defendant. In October 2004, defendant moved for summary disposition on the

issue of serious impairment of a body function. The trial court granted the motion. Thereafter, plaintiff moved for rehearing and reconsideration. The court granted plaintiff's motion and denied defendant's motion for summary disposition.

In October 2006, the parties submitted to a case evaluation, which resulted in a nonunanimous award of $60,000 in favor of plaintiff. Plaintiff accepted the award, but defendant rejected it. Defendant subsequently filed an offer of judgment in the amount of $7,500. Plaintiff then filed a counteroffer in the amount of $70,000. No agreement was reached and the case proceeded to a jury trial in May 2007. Defendant admitted negligence on the part of Dobias, injury, and proximate cause. At the close of proofs, defendant moved for a directed verdict on the issue of serious impairment of body function. Plaintiff also moved for a directed verdict. The court denied both motions. The jury found that plaintiff was 20 percent at fault for his injuries, suffered serious impairment of an important body function, and suffered damages totaling $25,000. On the basis of this verdict, on August 9, 2007, the trial court ordered a judgment in favor of plaintiff in the amount of $20,000, "together with taxable costs and applicable interest." On August 24, 2007, plaintiff filed his taxation of costs and interest in the amount of $8,666.16. Defendant filed objections and the parties agreed on October 3 or 4 to stipulate costs and interest in the amount of $8,300.16. The stipulated order was entered on October 10, 2007.[1]

---

[1] We note that the trial court's October 10, 2007, order states: "[U]pon the Stipulation of the Parties . . . the taxable costs allowable to Plaintiff including interest are $8,330.16." But the parties apparently agree and the trial court's May 15, 2008, order dismissing defendant's motion for sanctions indicates that the taxable costs and interest awarded plaintiff totaled $8,300.16.

On October 17, 2007, defendant filed a motion for offer-of-judgment sanctions under MCR 2.405.[2] On November 6, 2007, the trial court heard oral arguments on the motion and identified two areas that required further briefing, including whether the motion was timely as required by the court rule. On May 15, 2008, the court entered the order appealed, dismissing defendant's claim as untimely. Defendant now appeals as of right.[3]

Defendant argues that the trial court erred by dismissing as untimely his motion for offer-of-judgment sanctions. We disagree.

We review the trial court's denial of offer-of-judgment sanctions, premised on its interpretation of MCR 2.405(D), de novo. See *Castillo v Exclusive Builders, Inc*, 273 Mich App 489, 492; 733 NW2d 62 (2007). Court rules are to be construed by the principles of statutory interpretation, and "in accordance with the ordinary and approved usage of the language in light of the purpose to be accomplished by its operation." *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). "This Court must apply the clear language of the court rule as written." *Braun v York Properties, Inc*, 230 Mich App 138, 150; 583 NW2d 503 (1998). See also *Castillo, supra.*

MCR 2.405(D) states, in part:

---

[2] The motion was signed on October 15, but stamped by the trial court as filed on October 17.

[3] On June 5, 2008, defendant filed this appeal, appealing not only the May 15, 2008, order dismissing his motion for offer-of-judgment sanctions, but also the May 31, 2007, denial of his motion for a directed verdict and the May 23, 2005, order granting plaintiff's motion for reconsideration and denying defendant's motion for summary disposition. A panel of this Court issued an order dismissing as untimely the appeals of the two earlier orders. *Kopf v Bolser*, unpublished order of the Court of Appeals, entered July 3, 2008 (Docket No. 285795).

> Imposition of Costs Following Rejection of Offer. If an offer [to stipulate to entry of judgment] is rejected, costs are payable as follows:
>
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

MCR 2.405 defines "adjusted verdict" as "the verdict plus interest and costs from the filing of the complaint through the date of the offer," MCR 2.405(A)(5), and "average offer" as "the sum of an offer and a counter-offer, divided by two," MCR 2.405(A)(3). The parties agree that in this case, the adjusted verdict was $28,300.16 and the average offer was $38,750. Because the adjusted verdict to plaintiff of $28,300.16 was more favorable to defendant than the average offer of $38,750, defendant would be entitled to costs under MCR 2.405(D)(1).

At issue, however, is the court rule's time limitation on requests for costs. MCR 2.405(D) states, in part: "A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment." Defendant filed his motion for offer-of-judgment sanctions on October 17, 2007, more than 28 days after the August 9, 2007, judgment finding him liable to plaintiff for $20,000 plus taxable costs and interest. Neither party moved for a new trial or to set aside the judgment. Defendant essentially argues that the 28-day limit does not apply in this case and a "reasonable time" standard should be applied or, alternatively, that the 28 days should be counted from the October 10, 2007, stipulated order setting the amount of taxable costs and interest, rather than the August 9, 2007, judgment.

In arguing that the 28-day limit does not apply here, defendant relies on *Fairway Enterprises, Inc v Na-Churs Plant Food Co*, 163 Mich App 497; 415 NW2d 257 (1987).[4] In his brief on appeal, defendant states that the trial court in *Fairway* denied a motion for attorney fees and expenses pursuant to GCR 1963, 316.7-316.8 (now MCR 2.403[O]) on the ground that a bill of costs was not filed within the 28-day limit, but that this Court reversed the trial court, applying a "reasonable time" standard. *Fairway, supra* at 498-499. It is important to note, however, that the trial court denied the motion because of the 28-day limit contained in MCR 2.625(F). *Fairway, supra* at 498-499. Although MCR 2.403(O) currently contains a 28-day limit, that limit was not added until 1990. 434 Mich cxliii, cxlvi (1990). At the time *Fairway* was decided, MCR 2.403(O) did not contain a time limit, and this Court held that the trial court erroneously imported a time limit from MCR 2.625. *Fairway, supra* at 499. In this case, the trial court did not import a time limit from another court rule. MCR 2.405(D), the rule under which sanctions were sought, contains an explicit and mandatory time limitation of 28 days. The other cases cited by defendant in support of this argument, *Giannetti Bros Constr Co, Inc v City of Pontiac*, 152 Mich App 648, 651-655; 394 NW2d 59 (1986), and *Oscoda Chapter of PBB Action Comm, Inc v Dep't of Natural Resources*, 115 Mich App 356, 361-362; 320 NW2d 376 (1982), are distinguishable from this case for the same reasons.

It is also noteworthy that the rationale supporting this Court's application of a "reasonable time" standard in *Fairway, Giannetti,* and *PBB Action Comm* is not

---

[4] Defendant erroneously states that *Fairway* is binding on us as a published decision of this Court. *Fairway* was released on October 6, 1987, and is thus not binding. See MCR 7.215(J)(1).

frustrated by the subsequent addition of a 28-day limit to MCR 2.403(O). The *Fairway* Court did not apply the time limit in MCR 2.625 in awarding costs under MCR 2.403(O) because the former rule deals with taxation of court costs, which are easily determined by the clerk, while the latter rule deals with reasonable attorney fees, which require judicial determination. *Fairway, supra* at 499. Even after the addition of the 28-day limit, however, parties are still afforded a reasonable time to determine the actual amount of reasonable attorney fees, because MCR 2.403(O), unlike MCR 2.625, does not require a specific bill to be filed with the request. See *Badiee v Brighton Area Schools*, 265 Mich App 343, 376; 695 NW2d 521 (2005). What the rule requires is only a timely request for costs that puts the party that rejected the case evaluation on notice of the opposing party's intent to recover actual costs. *Id.* at 376-377. In *Badiee, supra* at 376-377, this Court held that filing a request for costs under MCR 2.403(O) within the 28-day period, followed by an affidavit containing specific amounts submitted some five weeks later, was not untimely. The *Badiee* Court held that "[i]f the court rules required a party seeking case-evaluation sanctions to specify the amount of actual costs with particularity, then MCR 2.403 would specifically provide such a requirement as MCR 2.625 does." *Badiee, supra* at 376. The reasoning in *Badiee* regarding MCR 2.403(O) applies equally to MCR 2.405(D). MCR 2.405, like MCR 2.403, does not require the specificity of MCR 2.625. Like MCR 2.403, it deals with reasonable attorney fees, which require judicial determination. Accordingly, we conclude that the 28-day limit in MCR 2.405(D) must be applied in this case.

Alternatively, defendant argues that the August 9, 2007, judgment finding him liable to plaintiff is not "the judgment" for purposes of MCR 2.405(D). According to

defendant, because the amount of taxable costs and interest was unknown at the time of the judgment, the parties' claims were not yet resolved. Defendant notes that the amount of taxable costs and interest, and thus the adjusted verdict, remained unknown until October 3 or 4 when the parties stipulated the amount, and argues that "the judgment" for purposes of MCR 2.405(D) is the October 10, 2007, stipulated order memorializing the parties' agreement as to the amount.

In *Braun, supra* at 150, this Court defined "judgment" for purposes of MCR 2.403(O)(8): "[T]he *judgment* is the judgment adjudicating the rights and liabilities of particular parties, regardless of whether that judgment is the final judgment from which the parties may appeal." (Emphasis in original.) *Braun* was a multiparty case, where judgment against three of the plaintiffs was entered on February 1, 1995, and judgment for the fourth was entered on February 6, 1995. *Braun, supra* at 150. The *Braun* Court held that for the first three plaintiffs, the 28-day period for requesting sanctions under MCR 2.403(O)(8) began running on February 1, not February 6. *Braun, supra* at 150. Although *Braun* involved MCR 2.403, while this case involves MCR 2.405, the pertinent language in the two rules is identical, and the rules should be interpreted consistently with each other. See *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530-532; 676 NW2d 616 (2004) (holding that the language used by the Legislature in two separate statutes was virtually identical, calling for identical interpretation by the courts).

Defendant argues that the parties' claims, i.e., their "rights and liabilities," have not been fully adjudicated until, by an order of the court, the exact amount of the adjusted verdict, including taxable costs and applicable interest, is known. Here, the trial court's May 15, 2008,

order dismissing defendant's motion for sanctions as untimely stated that "[a] final judgment *resolving all claims* between the parties was filed on August 9" (emphasis added). The term "claim" has been defined as a cause of action. Black's Law Dictionary (8th ed), p 264. In the case cited by defendant, *Nowack v Botsford Gen Hosp*, unpublished opinion per curiam of the Court of Appeals, issued April 20, 2001 (Docket Nos. 217771, 220466), wherein a judgment did not start the 28-day period for requesting case-evaluation sanctions, the judgment only granted partial summary disposition to the defendant, leaving a cause of action outstanding.[5] In this case, the August 9, 2007, judgment adjudicated the rights and liabilities of the parties, notwithstanding the taxation of costs issue. The amount of taxable costs and interest yet to be calculated was not a cause of action.

Furthermore, aside from the plain language of the court rule, it was not impossible to determine that the adjusted verdict would be more favorable to defendant than the average offer following the issuance of the August 9, 2007, judgment. The judgment found defendant liable to plaintiff for $20,000, plus taxable costs and interest, and the average offer was $38,750. On August 24, 2007, plaintiff timely filed a bill of costs, pursuant to MCR 2.625, in the amount of $8,666.16. Although the stipulated order regarding the amount of taxable costs and interest was not entered until October 10, defendant knew as of August 24 that the highest possible adjusted verdict would be $28,666.16, a verdict more favorable to defendant than the average offer.

A judgment adjudicating the rights and liabilities of the particular parties, so that there is no cause of action outstanding, starts the 28-day period for requesting

---

[5] Regardless, we are not bound by unpublished opinions of this Court. See MCR 7.215(C)(1).

offer-of-judgment sanctions under MCR 2.405(D).[6] Although the August 9, 2007, judgment provided that plaintiff be awarded "taxable costs and applicable interest," the judgment adjudicated the rights and liabilities of the parties. Therefore, under MCR 2.405(D), a request for offer-of-judgment sanctions was required to be "filed and served within 28 days after the entry of the judgment," thereby providing plaintiff with notice that defendant was seeking sanctions. Defendant did not file his motion within 28 days of August 9, 2007. Under the plain language of the court rule, defendant was not entitled to offer-of-judgment sanctions.

Affirmed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219(A).

---

[6] Our holding is subject to the explicit exceptions listed in MCR 2.405(D), i.e., 28 days after entry of an order denying a timely motion for a new trial or timely motion to set aside the judgment.