# STATE OF MICHIGAN

# COURT OF APPEALS

TREVOR J. SCHLEICHER,

Plaintiff-Appellant,

v

PREFERRED SOLUTIONS, INC,

Defendant-Appellee.

UNPUBLISHED
November 30, 2017

Nos. 332223; 332918
Oakland Circuit Court
LC No. 2015-147214-CD

Before: SERVITTO, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

In Docket No. 332223, plaintiff appeals as of right a judgment of no cause of action following a jury verdict in favor of defendant. In Docket No. 332918, plaintiff appeals as of right a subsequent order granting defendant's motion for costs and awarding defendant $108,629.67 in taxable costs and attorney fees. We affirm.

## I. FACTS AND PROCEDURE

This case arises from plaintiff's termination from employment by defendant and plaintiff's subsequent allegations of discrimination, breach of contract, unjust enrichment, and related claims. The underlying facts are not in dispute.

Defendant, a healthcare consulting firm, recruited plaintiff in 2009 to serve as a Planning and Implementation Manager for defendant's health information technology (HIT) staffing practice, through which plaintiff would enter staffing agreements between defendant and health systems or healthcare providers looking for personnel with expertise in HIT. The parties initially agreed that plaintiff would forego a base salary and instead earn 20% of gross profits from all HIT staffing business that he and his partner procured. From 2009 until 2012, plaintiff and his partner were the only two members of the HIT sales team, and both received commissions on all deals no matter who led the sale.

During plaintiff's tenure, defendant's HIT staffing practice was highly successful. Then, in April 2012, defendant's CEO, Marie Seipenko, began receiving complaints about plaintiff's behavior from plaintiff's coworkers and defendant's clients. Seipenko addressed her concerns with plaintiff but did not see the desired changes in plaintiff's behavior. Seipenko decided to modify plaintiff's pay structure, informing plaintiff that his commissions would be reduced to 10% of HIT gross profits beginning with the third quarter of 2013, and plaintiff would be paid a

base salary of $100,000. Although plaintiff's compensation structure changed, his behavior did not improve. Plaintiff continued to work for defendant until December 3, 2013, when Seipenko gave plaintiff a choice between resignation and termination.

After a similar complaint filed in the federal district court was dismissed, plaintiff brought a four-count complaint against defendant in the circuit court alleging sex discrimination in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, breach of contract, unjust enrichment, and promissory estoppel. Relevant here, plaintiff alleged that defendant breached plaintiff's initial employment agreement when it failed to pay post-termination commissions for business the HIT sales team procured during plaintiff's employment. Plaintiff argued that because plaintiff had been the "procuring cause" of defendant's resulting profits, plaintiff was entitled to payment of his share of those profits. The trial court denied a motion for summary disposition brought by defendant, and plaintiff's trial began on February 29, 2016, proceeding over five days. On the fifth and final day, the jury returned a unanimous verdict of no cause of action in favor of defendant on all counts.

## II. INSTRUCTIONAL ERROR

On appeal, plaintiff first argues that reversal of the judgment of no cause of action on plaintiff's breach of contract claim is required because the trial court's adoption of defendant's proposed procuring-cause jury instruction and defendant's proposed verdict form resulted in an inaccurate and confusing presentation of the procuring-cause doctrine to the jury. However, plaintiff failed to preserve this instructional error by raising a specific objection prior to jury deliberations. See MCR 2.512; *Heaton v Benton Const Co*, 286 Mich App 528, 537; 780 NW2d 618 (2009). Although plaintiff objected at trial on the ground that plaintiff's proposed jury instruction and verdict form were more accurate, plaintiff did not object on the ground that defendant's proposed jury instruction and verdict form inaccurately stated the law or were misleading to the jury. "[A]n objection on one ground is insufficient to preserve appellate attack on different grounds." *Meagher v Wayne State University*, 222 Mich App 700, 724; 565 NW2d 401 (1997).

Further, plaintiff's counsel expressed overall satisfaction with the judge's adopted jury instructions, waiving any instructional error. See *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002). "The failure to timely and specifically object precludes appellate review absent manifest injustice." *Heaton*, 286 Mich App at 537. "A party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009). Because plaintiff affirmatively expressed his satisfaction with the trial court's adopted jury instructions, he has waived any claim of instructional error and we need not address this issue.

## III. ATTORNEY FEES AND COSTS UNDER MCR 2.405

Next, plaintiff argues that the trial court erred and abused its discretion when it awarded defendant $108,629.625 in attorney fees under MCR 2.405 because (1) the offer of judgment plaintiff rejected was conditional and not a "true judgment," (2) an award of attorney fees in defendant's favor was not in the interests of justice, (3) the trial court granted the motion without

holding an evidentiary hearing or requiring defendant to file a bill of costs with the court, and (4) the total amount of costs and fees awarded was unreasonable. We disagree.

This Court reviews for an abuse of discretion a trial court's decision whether to hold an evidentiary hearing, *Kernen v Homestead Development Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002), and whether to award sanctions under MCR 2.405, *JC Building Corp II v Parkhurst Homes, Inc*, 217 Mich App 421, 426; 552 NW2d 466 (1996). This Court also reviews for an abuse of discretion the reasonableness of a trial court's award of costs and attorney fees, *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008), as well as a trial court's decision regarding whether to refuse to award attorney fees under the interest-of-justice exception, *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 516-517; 844 NW2d 470 (2014). "A trial court abuses its discretion when it chooses an outcome falling outside the range of reasonable and principled outcomes, or when it makes an error of law." *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 263; 833 NW2d 331 (2013) (citations omitted). A trial court's factual findings regarding an award of attorney fees are reviewed for clear error. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id*. (quotation marks and citation omitted).

The proper interpretation of the court rules is a question of law this Court reviews de novo. *AFP Specialties, Inc*, 303 Mich App at 504. When this Court interprets a court rule, the familiar principles of statutory construction apply. *Id*. "If the plain meaning of the language of the court rule is clear, then 'judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used.' " *Castillo v Exclusive Builders, Inc*, 273 Mich App 489, 492; 733 NW2d 62 (2007), quoting *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).

## A. VALIDITY OF DEFENDANT'S OFFER UNDER MCR 2.405

The trial court did not abuse its discretion when it found defendant's offer of judgment compliant with MCR 2.405 and awarded attorney fees and costs to defendant under that statute.

Michigan follows the "American rule," which prohibits an award of attorney fees unless a statute, court rule, or contractual provision expressly provides to the contrary. *Haliw v Sterling Hts*, 471 Mich 700, 706-707; 691 NW2d 753 (2005). Attorney fees may be awarded under MCR 2.405, which is known as "the offer-of-judgment rule." *Froling Trust*, 283 Mich App at 297. In pertinent part, MCR 2.405 reads:

(A) Definitions. As used in this rule:

(1) "Offer" means *a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.*

* * *

(B) Offer. Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.

(C) Acceptance or Rejection of Offer.

(1) To accept, the adverse party, within 21 days after service of the offer, must serve on the other parties a written notice of agreement to stipulate to the entry of the judgment offered, and file the offer, the notice of acceptance, and proof of service of the notice with the court. The court shall enter a judgment according to the terms of the stipulation.

(2) An offer is rejected if the offeree

(a) expressly rejects it in writing, or

(b) does not accept it as provided by subrule (C)(1).

* * *

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs unless the offer was made less than 42 days before trial.

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule. [Emphasis added.]

"The purpose of MCR 2.405 is 'to encourage settlement and to deter protracted litigation.' " *Luidens v 63rd Dist Court*, 219 Mich App 24, 31-32; 555 NW2d 709 (1996), quoting *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596; 543 NW2d 60 (1995).

Before trial, defendant sent plaintiff an offer to stipulate to entry of judgment in favor of plaintiff and against defendant in the amount of $190,000. The offer of judgment indicated that it was intended to "resolve all of Plaintiff's claims in [the] action," and included "all attorneys' fees, interest, and costs." Plaintiff promptly filed an objection to and rejection of defendant's offer, arguing that the offer did not comply with MCR 2.405 because it contained the express condition

-4-

that "the offer is not to be deemed an admission by defendant that it is liable to plaintiff for any reason." Plaintiff insisted that the "condition" left the matter open to future claims, precluding the application of res judicata and negating the judgment's validity as a full and final adjudication on the merits. Therefore, according to plaintiff, defendant's offer was not a "true offer of judgment" under MCR 2.405.

After obtaining a favorable judgment, defendant filed a timely motion for costs and reasonable attorney fees pursuant to MCR 2.405, citing plaintiff's rejection of defendant's offer to enter a stipulated judgment. Over plaintiff's continued objection, the trial court entered a written order granting defendant's motion for costs under MCR 2.405. In an attached opinion, the trial court explained that it found defendant's offer valid as compliant with MCR 2.405, which requires only that "an offer of judgment be in writing, set forth the offeror's willingness to stipulate to the entry of judgment, and be for a sum certain."

On appeal, plaintiff reasserts his objection to defendant's offer of judgment, arguing that the offer was conditional and invalid for purposes of MCR 2.405 because it contained the following phrase: "This offer is not to be deemed an admission by Defendant that it is liable to Plaintiff for any reason. Nor can this offer be used by Plaintiff for any purpose in this case, including at trial, other than for the purpose of stipulating to entry to judgment." Plaintiff suggests that a decision in his favor is mandated by this Court's opinion in *Froling Trust*, 283 Mich App 264, a case involving a similar dispute. In *Froling Trust*, the plaintiff challenged an offer of judgment on grounds identical to the ones presented here. The offer contained the following language, which the plaintiff challenged as conditional and not a true offer of judgment: "This offer is made to compromise and settle disputed claims and shall not be construed as an admission of any allegation or liability on any claim. Further, *no judgment entered pursuant to this offer shall operate as an adjudication on the merits of any allegation or claim*." *Id*. at 298 (emphasis added). This Court agreed, holding that the offer was invalid because it effectively barred the application of res judicata to any future cause of action. *Id*. at 300. The Court explained:

> The effect of these conditions leaves open the possibility of future lawsuits because the language effectively bars the application of res judicata in the future. What the [offerors] were seeking was not truly entry of a "judgment" as contemplated by MCR 2.405(A)(1), which judgment has all the attributes of a judgment after full litigation, is considered a final adjudication on the merits, and implicates the doctrine of res judicata. The . . . offer was in actuality a disguised attempt simply to enter a stipulated order of dismissal. The offer did not reflect a willingness to stipulate the entry of a real judgment. Rather, the offer only reflected a willingness to pay the Froling Trust $100 without the strings or attributes of a true judgment being attached. We therefore conclude that the offer failed to meet the requirements of MCR 2.405(A)(1). It would undermine the function of MCR 2.405 to allow a defendant to offer an entry of a judgment but condition such offer on the judgment not having the effect of an ordinary judgment on the merits. [*Id*.]

This case is easily distinguished. Defendant's offer of judgment does not contain the same language as the offer in *Froling Trust*, and nothing in the language of defendant's offer

-5-

would bar the application of res judicata. Defendant's chosen language merely precluded plaintiff's reliance on an admission of liability. Had plaintiff accepted the offer, judgment would have entered in favor of plaintiff and against defendant on each one of plaintiff's claim, and the resulting judgment would have operated as a full and final adjudication on the merits for purposes of res judicata. Indeed, defendant's offer clearly stated that it was intended to resolve all of plaintiff's claims.

Defendant's offer of judgment likewise contains no conditional language that might raise questions regarding its legitimacy as a true judgment. Defendant's offer was nothing like the offers of judgment this Court has found invalid for injecting uncertainty into the consequence of acceptance and ringing more like an offer of settlement. See *Knue v Smith*, 478 Mich 88, 93; 731 NW2d 686 (2007) (holding that the offer of judgment rule of MCR 2.405 did not apply to an offer of judgment requiring "a reciprocal exchange of cash for the execution of a recordable real estate document culminating in a judgment of dismissal with prejudice and without costs"); *Best Fin Corp v Lake States Ins Co*, 245 Mich App 383, 386-388; 628 NW2d 76 (2001) (holding that an offer to settle "contingent upon a dismissal of this case with a Confidentiality Agreement and a termination of the relationship between Best Insurance and Lake States" was not an offer of judgment, but an offer "to stipulate to entry of a judgment with conditions attached"). Language indicating that the offer would be withdrawn upon rejection did not render defendant's offer conditional. Such language simply informed plaintiff that should he reject the offer, he would thereafter be unable to change his mind.

We conclude that defendant's offer of judgment fully complied with the requirements of MCR 2.405. The offer was a written notification and expressed defendant's unconditional willingness to stipulate to the entry of judgment for a sum certain. Nothing in the plain language of MCR 2.405 suggests any other requirement. The trial court did not err when it concluded that plaintiff had rejected a true offer of judgment for purposes of awarding costs and fees under MCR 2.405.

## B. APPLICATION OF THE INTEREST-OF-JUSTICE EXCEPTION

Next, plaintiff argues that defendant's offer evidenced "gamesmanship" in the form of creative "wordsmithing" that precluded defendant's recovery under MCR 2.405. Under MCR 2.405(D)(3), a trial court may refuse to award attorney fees[1] under MCR 2.405 altogether if doing so is in the "interest of justice." "Because the interest-of-justice provision is the exception to a general rule, it should not be applied absent unusual circumstances." *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 19; 888 NW2d 267 (2016).

---

[1] The interest-of-justice exception applies only to attorney fees and is not a basis for refusing to award taxable costs. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 390; 689 NW2d 145 (2004). Pursuant to the plain language of MCR 2.405(D)(1), plaintiff would be liable for taxable costs defendant incurred after plaintiff's rejection of the offer, even if the trial court's decision to award attorney fees was in error.

Factors such as the reasonableness of the offeree's refusal of the offer, the party's ability to pay, and the fact that the claim was not frivolous "are too common" to constitute the unusual circumstances encompassed by the "interest of justice" exception. However, the exception may be applicable when an offer is made in the spirit of "gamesmanship . . . , rather than a sincere effort at negotiation," or when litigation of the case affects the public interest, such as a case resolving an issue of first impression. [*Derderian v Genesys Health Care Sys*, 263 Mich App 364, 391; 689 NW2d 145 (2004) (citations omitted).]

The interest-of-justice exception contained within MCR 2.405(D) is clearly permissive, and its application is left to the discretion of the trial court. We are not definitely and firmly convinced that the trial court made a mistake when it exercised that discretion and determined that denying defendant's request for attorney fees was not in the interest of justice. Plaintiff's claim that the interest-of-justice exception applies is founded solely on plaintiff's interpretation of defendant's offer of judgment as false—a representation of "gamesmanship" plaintiff alleges defendant engaged in throughout the proceedings. However, as previously discussed, defendant's offer of judgment did not operate as a disguised attempt to circumvent the application of res judicata. Indeed, defendant's offer of judgment accomplished nothing more than intended, fully complying with the requirements of MCR 2.405 and providing plaintiff the opportunity to settle without the hassle and expense of protracted litigation. The amount of defendant's offer, $190,000, when compared to the jury award of $0, evidences a sincere effort to negotiate and avoid further litigation. Plaintiff has not suggested that any unusual circumstances support application of the interest-of-justice exception, and the trial court therefore did not err when it granted defendant's request for attorney fees under MCR 2.405.

## C. DENIAL OF REQUEST FOR EVIDENTIARY HEARING

In its motion for costs, defendant alleged that it had incurred $170,654.17 in actual costs, including $170,014.50 in attorney fees and $639.67 in taxable costs, as a result of plaintiff's rejection of the stipulated judgment. Defendant attached a detailed billing summary reflecting the activities performed in the time between plaintiff's rejection of the offer and the motion for costs, along with a detailed brief in support of the reasonableness of its claimed "actual costs." Plaintiff requested an evidentiary hearing on the reasonableness of defendant's claimed attorney fees, arguing that such a hearing was necessary because plaintiff suspected that defendant's counsel had not actually billed defendant for all of services claimed. At the hearing on defendant's motion for costs, plaintiff informed the trial court that he had subpoenaed "billing records" that showed at least one discrepancy between the amount defendant was actually billed and the amount listed in the billing summary attached to defendant's motion for costs.[2] The trial court noted that it already possessed billing summaries, affidavits, and billing rate summary

---

[2] According to plaintiff, the billing record he received indicated that defendant had only been billed $300 for services of Ellen Hoeppner, an associate attorney, when defendant's billing summary attached to the motion for costs reflected over $4000 billed for Hoeppner's contribution.

reports on which to decide the motion, and indicated its inclination against holding another hearing on defendant's motion and adding "another layer of another hearing, more costs." Instead, the trial court stated that it would allow plaintiff to file a supplemental brief with whatever records plaintiff had subpoenaed from defendant's counsel.

After the hearing, plaintiff filed a supplemental brief raising similar objections but including no exhibits. In its written order granting defendant's motion for costs, the trial court indicated that "the record contain[ed] more than sufficient evidence for [the court] to determine whether the fees asserted are reasonable."

"Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed." *Kernen*, 252 Mich App at 691. "However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Id*. Here, defendant submitted a detailed accounting of the costs and attorney fees incurred as a result of plaintiff's rejection of the offer of judgment. Defendant also included billing statements, affidavits, and a Michigan State Bar report in support of its request. On its own, defendant's documentation provided the trial court with a reasonable evidentiary basis to evaluate defendant's request. Additionally, although it denied plaintiff's request for a full evidentiary hearing, the trial court provided plaintiff with an opportunity to submit his own documentation in a supplemental brief. Plaintiff failed to submit any documentary evidence to support his challenges to the reasonableness of defendant's fees.

Plaintiff has failed to explain what additional information he could have presented at an evidentiary hearing that he was unable to present in his supplemental brief. Although plaintiff suggests that an evidentiary hearing could have provided him with the opportunity to question whether defendant had actually paid its attorneys, plaintiff provided no evidence to support the need for such an inquiry. The trial court was present throughout the proceedings, which included a five-day trial, an offer of judgment, arbitration, pretrial hearings, and a motion for costs. It was therefore in a unique position to observe the conduct of defendant's attorneys, their level of skill, their active participation, and the complexity of the case. Plaintiff's suggestion that an evidentiary hearing was necessary to determine the validity of defendant's offer of judgment is similarly meritless. Plaintiff had the opportunity to argue his position on its merits in his response to defendant's motion for costs and at the hearing on defendant's motion. Plaintiff has not demonstrated that additional factfinding was necessary for the trial court's consideration of the offer's validity. Plaintiff simply failed to support the necessity of an evidentiary hearing, and the trial court did not abuse its discretion when it concluded that an additional hearing was unwarranted.

## D. BILL OF COSTS

The trial court did not err when it proceeded to determine the reasonableness of defendant's requested attorney fees without requiring defendant to submit a bill of costs.

This Court has explicitly held that a party seeking actual costs under MCR 2.405(D) is not required to file a specific bill of costs with its request. *Kopf v Bolser*, 286 Mich App 425, 431; 780 NW2d 315 (2009). MCR 2.405 does not require specificity at the time of the request because it involves reasonable attorney fees, which requires judicial determination. *Kopf*, 286

Mich App at 431. Rather, a party need only file a timely request, placing the party who rejected the settlement offer on notice that the opposing party intends to pursue actual costs. *Id*. Defendant filed a motion for costs with a detailed accounting of fees incurred. Plaintiff has not argued that he was not on notice that defendant was seeking an award of attorney fees. Defendant's failure to file a bill of costs with the court did not preclude the trial court's consideration of reasonableness on the evidence before it.

### E. REASONABLENESS OF ATTORNEY FEES AWARD

Finally, the trial court did not abuse its discretion when it awarded defendant $108,629.67 in attorney fees after determining that such an amount was reasonable and reflected the actual costs incurred as a result of plaintiff's rejection of the offer of judgment.

"MCR 2.405(A)(6) defines 'actual costs' in two parts: 'the costs and fees taxable in a civil action' and 'a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment.' " *Castillo*, 273 Mich App at 493. Notably, MCR 2.405(D)(1) employs the mandatory term "must," and the imposition of reasonable taxable costs, aside from attorney fees, is mandatory under MCR 2.405. *Luidens*, 219 Mich App at 30. Under MCR 2.405(D)(3), "[t]he court shall determine the actual costs incurred."

While imposition of reasonable taxable costs is mandatory, imposition of attorney fees is not. An award of reasonable attorney fees is limited to services necessitated by the rejection of the offer. *Castillo*, 273 Mich App at 493-494. In other words, there must be a causal nexus between a party's rejection of a settlement offer and the attorney fees later incurred by the opposing party. *Id*. at 494. As this Court has explained, "[t]he rejecting plaintiff is only liable for those attorney fees that accrued as a consequence of that plaintiff's rejection, which is determined by examining the rejecting plaintiff's theories of liability and damage claims." *Ayre v Outlaw Decoys, Inc*, 256 Mich App 517, 522; 664 NW2d 263 (2003). However, an award of attorney fees for services necessitated is not limited to services performed at trial. By its plain language, an award of attorney fees under MCR 2.405 extends to all services necessitated by the opposing party's rejection of the offer. MCR 2.405(A)(6).

Defendant requested an award of costs and fees totaling just over $170,000. Ultimately, the trial court awarded costs and attorney fees in favor of defendant in the amount of $108,629.67. The trial court indicated that the reduction included any billing for attorney Ellen Hoeppner, "for the reason the Court is not convinced that the nature of this case required three attorneys," and because defendant had not provided adequate evidentiary support to allow meaningful review of Hoeppner's contribution. The trial court also found that an award of $300 per hour for David Cessante's and Connie Cessante's contributions was more reasonable that $375 per hour for each, and that a reduction in hours spent from 387.5 to 335 was appropriate in light of the nature of the case. Finally, the trial court adjusted paralegal Jeffrey Bell's fees from $180 an hour to $150 an hour, and adjusted Bell's billable hours from 110.4 hours to 50 hours. The trial court approved defendant's proposed taxable costs as stated, at $639.67.

Here, plaintiff does not challenge whether there is a causal nexus between defendant's request for fees and plaintiff's rejection of the offer of judgment. Plaintiff challenges only the amount of fees awarded by the trial court, broadly suggesting that an award of more than

$108,000 for 55 days of work should shock the judicial conscience. In fact, plaintiff takes no issue with the trial court's methods for determining the appropriate award of attorney fees, which we conclude were in full conformance with the applicable rules.

Recently, in *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 283; 884 NW2d 257 (2016), our Supreme Court reaffirmed that consideration of the reasonableness of attorney fees is determined using the procedures set forth in *Smith*, 418 Mich 519. In *Smith*, the Court noted that trial courts must "consider the totality of special circumstances applicable to the case at hand." *Smith*, 481 Mich at 529. The *Smith* Court directed trial courts to consider the following six factors described in *Wood v Detroit Auto Inter-Insurance Exchange*, 413 Mich 573, 588; 321 NW2d 653 (1982),

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client[,]

as well as factors listed in Rule 1.5(a) of the Michigan Rules of Professional Conduct, which include

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent. [MRPC 1.5(a).]

After noting that the multi-factor approach needed "some fine-tuning," the *Smith* Court held that a trial court must begin its reasonableness analysis "by determining the fee customarily charged in the locality for similar legal services" and then multiplying that number "by the reasonable number of hours expended in the case." *Smith*, 418 Mich at 530-531. Then, "[a]fter a trial court has calculated this baseline figure, it must consider and briefly discuss on the record the remaining *Wood* factors and the factors in MRPC 1.5(a) to determine whether any up or down adjustments from the base number are appropriate." *Pirgu*, 499 Mich at 275-276, citing *Smith*, 418 Mich at 431.

Here, in a 12-page written opinion, the trial court explicitly acknowledged that its determination of the reasonableness of defendant's request for attorney fees was subject to the procedure outlined in *Smith* before proceeding to conduct a detailed examination of each one of the listed factors. The trial court began its analysis by determining a reasonable hourly rate for each billing attorney separately, based on such factors as length of practice, expertise, practice area, as well as various mean billing rates for attorneys with similar attributes and experiences. The trial court's determinations were supported by accountings, affidavits, and Michigan State Bar reports properly submitted with defendant's motion for costs. The trial court reduced the number of hours based on the time and labor required and the novelty of plaintiff's case after finding that defendant's requested number of hours was "excessive" and subject to adjustment to avoid overlap. Additionally, the trial court declined to award any costs for a third attorney on the case, determining that defendant had failed to show that the case required the efforts of three attorneys. The trial court ultimately reached a baseline figure before proceeding to consider whether the remaining factors required an adjustment of fees.

Further, the trial court did not err when it considered the contributions of non-attorneys in its determination of reasonable attorney fees. "[T]he expenses of staff and other overhead are included in the determination of what constitutes a reasonable attorney fee." *Teran v Rittley*, 313 Mich App 197, 211; 882 NW2d 181 (2015). As this Court has observed:

> "Clearly, attorney fees are not meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney that necessarily includes support staff. The rule allowing an award of attorney fees has traditionally anticipated the allowance of a fee sufficient to cover the office overhead of an attorney together with a reasonable profit. The inclusion of factor 5 [of the *Wood* factors], the expenses incurred, reflects the traditional understanding that attorney fees should be sufficient to recoup at least a portion of overhead costs. . . . Thus, until a statute or a court rule specifies otherwise, the attorney fees must take into account the work not only of attorneys, but also of secretaries, messengers, paralegals, and others whose labor contributes to the work product for which an attorney bills a client, and it must also take account of other expenses and profit." [*Allard v State Farm Ins Co*, 271 Mich App 394, 404-405; 722 NW2d 268 (2006), quoting *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 181-182; 568 NW2d 365 (1997) (citation omitted).]

Although plaintiff takes issue with certain aspects of defendant's accounting, plaintiff has set forth no evidence to dispute either that (1) defendant's attorneys actually performed the work as described, or (2) the hourly rates for the work performed was outside the range of reasonable rates. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007). Plaintiff has failed to show that the trial court abused its discretion when it determined that an award of $108, 629.67 in costs and attorney fees was reasonable.

Affirmed.

/s/ Deborah A. Servitto
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens