*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAMIR MOHAMMED,

Plaintiff-Appellee,

v

ACCURATE ENGINES,

Defendant-Appellant.

UNPUBLISHED
August 10, 2023

No. 362661
Kent Circuit Court
LC No. 21-009030-CK

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Defendant, Accurate Engines, appeals as of right the order denying its motion for costs under MCR 2.405(D). This matter was dismissed without prejudice. A dismissal without prejudice is not a judgment and thus Accurate was not entitled to its costs. Accordingly, we affirm.

## I. BACKGROUND

This breach of contract action stems from a May 21, 2019 sales agreement wherein plaintiff, Samir Mohammed, purchased an engine for his 2007 Dodge Charger from Accurate for $2,695. The engine was shipped to, and installed by, a facility in Chicago, Illinois. After installation, Mohammed experienced issues with the engine, and it was ultimately determined that the engine he received was the incorrect engine for his vehicle. Mohammed alleged that Accurate acknowledged that it supplied the incorrect engine and stated that it would retrieve the vehicle from the Chicago facility to install the correct engine. But Accurate did not retrieve the vehicle or replace the engine.

On January 25, 2021, Mohammed filed a claim for $6,500 in small claims court. Accurate removed the claim to the district court. On March 31, 2021, Mohammed filed an amended complaint in the district court, asserting claims for breach of contract, unfair dealing, and deceptive business practice. Pursuant to MCR 2.504(A)(1)(a), Mohammed voluntarily dismissed his district court action on June 1, 2021.

On October 9, 2021, Mohammed filed this action in the Kent Circuit Court, asserting claims for breach of contract, unfair dealing under MCL 445.903(1)(e) of the Michigan Consumer

-1-

Protection Act (MCPA), and deceptive business practice under MCL 445.903(1)(f) of the MCPA. On November 22, 2021, Accurate filed an offer of judgment for $4,500. In lieu of answering Mohammed's complaint, Accurate filed a motion for partial summary disposition of Mohammed's MCPA claims pursuant to MCR 2.116(C)(8), arguing that the transaction at issue was covered by the Motor Vehicle Service and Repair Act, MCL 257.1301, *et seq.* (MVSRA) and thus the MCPA was not applicable.[1] Before the hearing on Accurate's motion, Mohammed's attorney filed a motion to withdraw. The court adjourned the hearing for Accurate's motion and granted the motion to withdraw. Mohammad did not file a response to Accurate's motion for partial summary disposition, but he appeared at the hearing and objected to the dismissal of his MCPA claims. The court granted Accurate's motion and dismissed Mohmmed's MCPA claims.[2]

Thereafter, Accurate moved for summary disposition under MCR 2.116(C)(4) because Mohammed's breach of contract claim allegedly did not meet the circuit court's jurisdictional limit. Before the motion was heard, Mohammed filed a notice of dismissal seeking an order dismissing the matter without prejudice.[3] On June 13, 2022, the court dismissed the matter without prejudice.

Following the dismissal, Accurate moved for its costs and attorney's fees under MCR 2.405(D). Accurate argued that the June 13, 2022 dismissal was an adjudication on the merits. Because Mohammed was not awarded any sum of money, Accurate contended that the adjusted verdict was more favorable to Accurate than the $4,500 offer. Accurate requested costs in the amount of $110 and $12,765 in attorney's fees. Accurate further asserted that the interest of justice exception was inapplicable. Mohammed retained counsel to defend the motion. Mohammed maintained that his former attorney failed to convey the offer of judgment to him. He further argued that the voluntary dismissal was not a verdict that entitled Accurate to its actual costs under MCR 2.405. Finally, Mohammed asserted that the interest of justice exception applied because (1) Accurate's offer could have been made two years earlier but, instead, was made "in the spirit of gamesmanship . . ." rather than a sincere effort at negotiation; and (2) Mohammed's former attorney failed to convey the offer and his in pro per status was a matter of first impression. Following a hearing, the trial court adopted "the facts, law, and arguments" in Mohammed's response and denied the motion.

## II. STANDARD OF REVIEW

We review the interpretation and application of court rules de novo. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022) The rules of statutory construction apply to the interpretation of a Michigan court rule. *Henry v Dow Chem Co*, 484

---

[1] There is no evidence in the lower court record that Accurate answered the complaint or filed any affirmative defenses to defend the breach of contract claim on the merits.

[2] During the hearing, the court advised the parties that "unless there is a showing by competent evidence that this is a case where damages would exceed the district court's jurisdictional limit," it would remand the remaining breach of contract claim to the district court.

[3] Mohammed included a letter to the court explaining that he believed he had a viable claim, but that he did not have the resources to pursue the matter further.

Mich 483, 495; 772 NW2d 301 (2009). "When ascertaining the meaning of a court rule, the reviewing court should focus first on the plain language of the rule in question, and when the language of the rule is unambiguous, it must be enforced as written." *Micheli*, 340 Mich App at 367. (cleaned up). A trial court's decision regarding whether to refuse to award attorney fees under the interest-of-justice exception, MCR 2.405(D)(3), is reviewed for an abuse of discretion. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 516-517; 844 NW2d 470 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 18; 888 NW2d 267 (2016).

## III. ANALYSIS

Accurate argues that the trial court erred by denying its motion for costs and attorney's fees pursuant to MCR 2.405(D). We disagree.

The offer of judgment rule authorizes a party to serve an opposing party with "a written offer to stipulate to the entry of a judgment for the whole or part of the claim," including accrued interest and costs. MCR 2.405(B). If the opposing party rejects the offer either expressly or by failing to respond, he or she is responsible for the offeror's actual incurred costs[4] "[i]f the adjusted verdict is more favorable to the offeror than the average offer[.]" MCR 2.405(D)(1). A "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the offer of judgment[.]" MCR 2.405(A)(4)(c). And the term "adjusted verdict" is defined as "the verdict plus interest and costs from the filing of the complaint through the date of the offer." MCR 2.405(A)(5).

Accurate argues that the trial court's order granting Mohammed's ex parte motion for voluntary dismissal constituted a "judgment entered as a result of a ruling on a motion after rejection of the offer of judgment" as defined in MCR 2.405(A)(4)(c) and thus a "verdict." Accurate maintains that the adjusted verdict was more favorable to it than its $4,500 offer to Mohammed, which entitled it to an award of actual costs. We disagree.

As recognized by Accurate, we have defined "judgment" for purposes of MCR 2.405 as "the judgment adjudicating the rights and liabilities of particular parties, regardless of whether that judgment is the final judgment from which the parties may appeal." *Kopf v Bolser*, 286 Mich App 425, 430-434; 780 NW2d 315 (2009) (cleaned up). It is undisputed that the trial court dismissed Mohammed's action *without* prejudice. "A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts." *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725, 729 (2015). Conversely, "a dismissal without prejudice is not a dismissal on the merits." *Id.* As explained by our Supreme Court, the term "without prejudice" indicates "a right or privilege to take further legal proceedings on the same subject[.]" *McIntyre v McIntyre*, 205 Mich 496, 499; 171 NW 393 (1919) (cleaned up). "A dismissal of a suit without prejudice is

---

[4] "Actual costs" are "the costs and fees taxable in a civil action and a reasonable attorney fee, dating to the rejection of the prevailing party's last offer or counteroffer, for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6).

no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *Id*. (cleaned up).

In this case, the June 2022 order of voluntary dismissal without prejudice was certainly not a "final determination of the rights and obligations of the parties." See *Acorn Investment Co*, 495 Mich at 351. Indeed, the voluntary dismissal was more favorable to Accurate than its offer of judgment. But the voluntary dismissal was not a "verdict" under the court rule because it was not a "judgment" under the unambiguous language of MCR 2.405(A)(4). Accordingly, we find that the trial court did not err by denying Accurate's requests for costs.

Given our resolution of the issue above, we need not address Accurate's remaining argument regarding the inapplicability of interest-of-justice exception to the award of fees under MCR 2.405 because that exception is only potentially triggered once it is determined that an award of fees under MCR 2.405 is appropriate.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel